UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| JOHN CORDES, individually and on behalf of all others similarly situated,<br><br>v.<br><br>ENERGAGE, LLC | Case No. _____<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. John Cordes brings this lawsuit to recover unpaid overtime wages and other damages owed by Energage, LLC ("Energage").

2. Cordes worked for Energage as a sales account executive.

3. Cordes and other Energage employees in the sales department regularly worked in excess of 40 hours in a week.

4. Energage did not pay Cordes and the other sales personnel overtime when they worked in excess of 40 hours in a week.

5. Instead, Energage improperly classified Cordes and the other sales personnel as exempt employees and paid them a salary with no overtime compensation.

6. This action seeks to recover the unpaid overtime wages and other damages owed by Energage to these workers.

### JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Energage resides in this District.

## PARTIES

10. **John Cordes** is a natural person who is a resident and citizen of Arizona.

11. Cordes was, at all relevant times, an employee of Energage.

12. Cordes was a salaried employee of Energage.

13. Cordes worked for Energage in its sales division.

14. Cordes worked for Energage as a sales account executive.

15. Cordes began working for Energage in December 2020.

16. Cordes's written consent is attached as Exhibit A.

17. Cordes represents at least two classes of similarly situated Energage employees.

18. Cordes represents a class of similarly situated employees under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Class" is defined as:

> **All current or former sales personnel employed by Energage, LLC in the United States who were, at any point in the past three years, paid on a salary basis.**

19. Cordes represents a class of similarly situated employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Class" is defined as:

> **All current or former sales personnel employed by Energage, LLC in Arizona who were, at any point in the past three years, paid on a salary basis.**

20. Together, throughout this Complaint, the FLSA Class members and Arizona Class members are referred to as the "Putative Class Members."

21. **Energage, LLC ("Energage")** is a Delaware limited liability company.

22. Energage's headquarters and principal place of business is in Chester County, Pennsylvania.

23. Energage may be served by service upon its registered agent, **Harvard Business Services, Inc., 16192 Coastal Hwy., Lewes, DE, 19958**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

24. At all relevant times, Energage was an employer of Cordes within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Energage was and is an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. Energage was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. During at least the last three years, Energage has had gross annual sales in excess of $500,000.

28. Energage was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

29. Energage employs many workers, including Cordes, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

30. The goods and materials handled, sold, or otherwise worked on by Cordes, and other Energage employees and that have been moved in interstate commerce include, but are not limited to, office supplies, office equipment, telecommunications equipment, and business products.

**FACTS**

31. Energage is a "software as a subscription" ("SaaS") platform that aims to help businesses recruit and retain employees.

32. Cordes was employed by Energage in Arizona.

33. Cordes was a salaried employee of Energage.

34. Energage did not pay Cordes on a fee basis.

35. Cordes was sometimes also paid a commission.

36. Cordes's commission, at no time throughout his employment with Energage, made up more than half of his pay for a representative period not less than one month.

37. Cordes worked as a sales account executive for Energage.

38. Cordes worked in Energage's sales department.

39. Energage employed other sales personnel in Arizona.

40. Energage employed sales personnel in Pennsylvania.

41. Cordes worked inside Energage's office.

42. Energage's other sales personnel worked within Energage's offices.

43. Cordes normally worked more than 40 hours in a week.

44. Cordes often worked 60 hours per week, or more.

45. Cordes reported the hours he worked to Energage on a regular basis.

46. Cordes's hours are reflected in Energage's records.

47. Energage paid Cordes a salary for all hours worked, without any overtime pay for hours in excess of 40 in a week.

48. Throughout his employment, Cordes performed non-exempt job duties as a salesperson, selling Energage's products directly to its customers.

49. Cordes worked to sell SaaS products for Energage.

50. Energage sold the SaaS products directly to its customers.

51. Energage provided the Saas products directly do its customers.

52. Cordes worked in Energage's company offices.

53. Cordes did not work in a retail establishment.

54. Cordes did not work in a service establishment.

55. Cordes did not work away from Energage's places of business to make sales for Energage.

56. Cordes did not customarily or regularly work away from Energage's places of business.

57. At all relevant times, Cordes's primary job duty for Energage was and is not the performance of work directly related to Energage's management or general business operations, or those of its customers.

58. Cordes did not direct the work of two or more employees at any time during his employment for Energage.

59. Cordes did not have the authority to hire or fire other employees.

60. Cordes's suggestions, if any, as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

61. Cordes did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonger course of specialized intellectual instruction.

62. Cordes did not perform work in a recognized field of artistic or creative endeavor.

63. Cordes sold products within the parameters provided by Energage's corporate management.

64. Cordes was subject to policies and procedures which dictated his day-to-day activities.

65. No advanced degree is required to perform sales for Energage.

66. Being a salesperson for Energage does not require specialized academic training as a standard prerequisite.

67. To the extent Cordes made "decisions," such decisions did not require the exercise of independent discretion and judgment.

68. Cordes's primary job duty was simply to sell Energage's software products.

69. Cordes did his work primarily by phone and through the internet, primarily from Energage's office.

70. With these job duties and limitations, Cordes was clearly a non-exempt employee under the FLSA.

71. Energage did not pay Cordes overtime for hours worked in excess of 40 in a single workweek.

72. Instead, Energage paid Cordes a salary without any overtime pay.

73. Energage keeps accurate records of the hours, or at least the days, its salaried employees work.

74. Energage also keeps accurate records of the amount of pay its salaried employees receive.

75. Because Cordes and the Putative Class Members were misclassified by Energage as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

76. Energage was aware of the overtime requirements of the FLSA.

77. Energage was aware of the overtime requirements of Arizona law.

78. Energage knew, since at least 2017, that its sales personnel were not exempt employees under the FLSA.

79. Energage knew, since at least 2017, that its sales personnel were required to be paid overtime under the FLSA.

80. Energage nonetheless failed to pay these sales personnel, such as Cordes, overtime.

81. Energage's failure to pay overtime to these sales personnel was, and is, a willful violation of the FLSA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

82. Cordes incorporates all other allegations.

83. What is true about Cordes's job duties, policies, procedures, pay, and time worked, and his work experience in general, is equally true for Energage's other sales personnel.

84. Numerous employees have been victimized by the pay pattern, practice, and policy outlined above, which is a willful violation of the FLSA.

85. Thus, from Cordes's observations, he is aware that the illegal practices or policies of Energage have been imposed on a distinct group of employees.

86. These employees were all paid a salary without any overtime.

87. These employees are victims of Energage's unlawful compensation practices and are similarly situated to Cordes in terms of job duties, pay provisions, and employment practices.

88. Energage's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the employees.

89. Energage's failure to pay wages and overtime compensation as required by Arizona law result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the employees.

90. Thus, Cordes's experiences are typical of the experiences of the Putative Class Members he seeks to represent.

91. The specific job titles or precise job locations of the various employees do not prevent collective treatment.

92. Cordes has no interests contrary to, or in conflict with, the members of the FLSA or Arizona Classes. Like each member of the proposed classes, Cordes has an interest in obtaining the unpaid overtime wages owed under state and federal law.

93. A class and collective action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

94. Absent this action, many FLSA and Arizona Class members likely will not obtain redress of their injuries and Energage will reap the unjust benefits of violating the FLSA and Arizona law.

95. Furthermore, even if some of the FLSA and Arizona Class members could afford individual litigation against Energage, it would be unduly burdensome to the judicial system.

96. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

97. The questions of law and fact common to each of the FLSA and Arizona Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Energage employed the FLSA and Arizona Class members within the meaning of the FLSA and Arizona law;

   b. Whether the FLSA and Arizona Class members were exempt from overtime; and

   c. Whether Energage was authorized to withhold the wages and overtime pay due to Cordes and the Arizona Class members.

98. Cordes's claims are typical of the FLSA and Arizona Class members. Cordes, and the FLSA and Arizona Class members have all sustained damages arising out of Energage's illegal and uniform employment policy.

99. Cordes knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

100. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

101. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all overtime hours. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### First Cause of Action—Violations of the FLSA

102. Cordes incorporates each other allegation.

103. Energage has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating non-exempt employees on salary basis in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

104. Energage knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class members overtime compensation.

105. Energage's failure to pay overtime compensation to these FLSA Class members was neither reasonable, nor was the decision not to pay overtime made in good faith.

106. Accordingly, Cordes and the FLSA Class members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### Second Cause of Action—Violations of the Arizona Wage Act

107. Cordes incorporates all other allegations.

108. The conduct alleged in this Complaint violates the Arizona Wage Act, ARS 23-350, *et seq.*

109. Energage was and is an "employer" within the meaning of the Arizona Wage Act. (ARS § 23-350(3).)

110. At all relevant times, Energage employed Cordes and each other Arizona Class member as "employees" within the meaning of the Arizona Wage Act. (ARS § 23-350(2).)

111. Cordes and the other Arizona Class members were required by law to be paid overtime wages for all overtime hours worked.

112. Cordes and the other Arizona Class members had a reasonable expectation Energage would pay them wages as required by the FLSA.

113. Cordes and the other Arizona Class members had a reasonable expectation Energage would pay them wages as required by federal law.

114. Cordes and the other Arizona Class members had a reasonable expectation Energage would pay them wages as required by Arizona law.

115. Cordes and the other Arizona Class members had a reasonable expectation Energage would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

116. Within the applicable limitations period, Energage had a policy and practice of failing to pay proper overtime to the Arizona Class members for their hours worked in excess of 40 hours per week.

117. The wages and overtime owed to Cordes and each other Arizona Class member were due to be paid not later than 16 days after the end of the of the most recent pay period. (ARS § 23-351(C)(3).)

118. The wages and overtime owed to Cordes and each other Arizona Class member who left the employment of Energage were due to be paid not later seven days after termination, or at the end of the next regular pay period. (ARS § 23-353(A)-(B).)

119. The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by state or federal law, or the employee has authorized the withholding in writing. (ARS § 23-352.)

120. Energage was not required under Arizona or federal law to withhold the wages and overtime pay due to Cordes and the Arizona Class members.

121. Energage was not empowered under Arizona or federal law to withhold the wages and overtime pay due to Cordes and the Arizona Class members.

122. Neither Cordes nor the Arizona Class members authorized Energage to withhold the wages and overtime pay due to them.

123. Energage has not paid these overtime wages to Cordes and each other Arizona Class member.

124. As a result of Energage's failure to pay proper overtime to Cordes and the Arizona Class members for work performed in excess of 40 hours in a workweek, Energage violated the Arizona Wage Act.

125. Cordes and the Arizona Class members are entitled to overtime wages under Arizona law in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT

126. Cordes incorporates all other allegations.

127. Energage's acts and omissions in denying proper overtime pay to Cordes and the Arizona Class members was done knowingly.

128. As a result of its unlawful acts and omissions, Energage received substantial benefit in the form of financial compensation that rightfully belonged to Cordes and the Arizona Class members.

129. It would be unjust to allow Energage to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Cordes and the Arizona Class members the wages and overtime they were entitled to under Arizona law.

130. Energage has been unjustly enriched by its unlawful acts and omissions.

## DAMAGES

131. Energage's acts and omissions, individually and collectively, caused Cordes and the Putative Class Members to sustain legal damages.

132. Cordes and the FLSA Class members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs. (29 U.S.C. § 216(b).)

133. Cordes and the Arizona Class members are entitled to overtime wages under the Arizona Wage Act in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

134. Cordes and the Arizona Class members are entitled to recover for Energage's unjust enrichment, including restitution and penalties.

135. Cordes and the Putative Class Members are entitled to recover attorneys' fees and costs of court.

136. Cordes and the FLSA Class members are entitled to recover liquidated damages under the FLSA.

137. Cordes and the Arizona Class members are entitled to treble damages under the Arizona Wage Act.

138. Cordes and the Arizona Class members are entitled to exemplary damages on their unjust enrichment claim.

139. Cordes and the Putative Class Members are entitled to pre- and post-judgment interest at the maximum legal rates.

140. A constructive trust should be imposed on Energage, and the Court should sequester any benefits or money wrongfully received by Energage at the expense of Cordes and the Arizona Class members.

**RELIEF SOUGHT**

141. Cordes prays for judgment against Energage as follows:

    a.  For an order certifying a collective action for the purposes of claims under the FLSA;

    b.  For an order certifying a class action for the purposes of the claims under Arizona law;

    c.  For an order finding Energage liable for violations of state and federal wage laws with respect to Cordes and all class members covered by this case;

    d.  For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Cordes and all FLSA Class members covered by this case;

    e.  For a judgment awarding all unpaid wages, treble damages, penalty damages, and punitive damages, to Cordes and all Arizona Class members covered by this case;

    f.  For an order finding Energage was unjustly enriched by its violations of Arizona law with respect to Cordes and all Arizona Class members covered by this case;

g. For an order imposing a constructive trust on Energage and sequestering the benefits and monies that it wrongfully obtained at the expense of Cordes and the Arizona Class members;

h. For an order awarding restitution, penalties, and exemplary damages to Cordes and all Arizona Class members covered by this case;

i. For a judgment awarding costs of this action to Cordes and all class members covered by this case;

j. For a judgment awarding attorneys' fees to Cordes and all class members covered by this case;

k. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Cordes and all class members covered by this case; and

l. For all such other and further relief as may be necessary and appropriate.

Date:  June 11, 2021

Respectfully submitted,

*/s/ James E. Goodley*
By: _____
**James E. Goodley (PA 315331)**
**GOODLEY LAW LLC**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@goodleylaw.net

**Matthew S. Parmet**
Texas Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**