# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| JOHN CORDES, individually and on behalf of all others similarly situated,<br><br>v.<br><br>ENERGAGE, LLC | **Case No. 2:21-cv-02641-CMR**<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>Judge Cynthia M. Rufe |

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Came on to be considered Plaintiff John Cordes's Unopposed Motion for Final Approval of Class Action Settlement.

The Court previously entered an order preliminarily approving the class action settlement between Cordes, individually and on behalf of all others similarly situated, and Energage, LLC ("Energage") and approving notice to potential class members. The terms of the settlement are set forth in the Supplemental Amended Class and Collective Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit A to Cordes's Motion. All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement Agreement.

The Court has reviewed and considered Cordes's Motion, the exhibits thereto, the Settlement Agreement, all other materials on file in this action, and any argument of the Parties. The Court has considered whether the settlement is fair, reasonable, and adequate, based on the information provided by the Parties and obtained through its own research.

Having done so, the Court is of the opinion that the Motion should be and hereby is GRANTED.

The Court therefore ORDERS as follows:

1.    The Court has subject matter jurisdiction of this action and the claims made, and it has personal jurisdiction over the Parties and the class.

2.    The terms of the Parties' Settlement Agreement are finally approved as being fair, reasonable, and adequate to the class members.

3.    The Court finally approves the terms of the parties' settlement (the "Settlement"), pursuant to the Settlement Agreement attached as Exhibit A to Plaintiff's Motion for Preliminary Approval.

4.    This Order utilizes the definitions in the Settlement Agreement, and all capitalized terms used in this Order shall have the meanings set forth in the Settlement Agreement, unless otherwise defined.

5.    The Court previously certified the following class pursuant to Rule 23(b)(3) for settlement purposes:

> **All current or former Account Executives in the Sales Department employed by Energage, LLC in Arizona, at any time between June 11, 2018, to March 29, 2023 (date of the Preliminary Approval Order [ECF No. 48]), who were paid on salary basis.**

6.    The Court further previously certified the following FLSA Collective pursuant to 29 U.S.C. 216(b) for settlement purposes:

> **All current or former Account Executives in the Sales Department employed by Energage, LLC in United States, at any time between June 11, 2018, and the expiration of the FLSA opt-in period, who were paid on a salary basis.**

7.    The notice provided to class members pursuant to the terms of the Settlement Agreement and the Court's Preliminary Certification Order fully and accurately informed Class Members of all material elements of the Settlement Agreement and constituted valid, sufficient, and due notice to all Class Members. The notice and the notice process fully

complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.

8.    Pursuant to the terms of the Settlement Agreement, Defendant agreed to pay up to and no more than $142,000.00 ("Maximum Settlement Amount").  The Service Award to the Claims Representative, the Class Counsel Award, the Administration Costs of the Claims Administrator, and the Defendant's share of the payroll taxes attributed to the wage portion of the payments to Class and Collective Members shall be deducted from and paid out of the Maximum Settlement Amount and the remainder of the Maximum Settlement Amount shall be distributed to Class Members in accordance with the Settlement Agreement.

9.    Absent any appeal, the Effective Date of the Settlement will be 30 days after this Final Order is entered, which is the expiration of the time for filing a valid appeal from the Final Order.

10.    Within 30 days of the Effective Date of the Settlement, Energage shall deposit all funds required to be provided to the Claims Administrator under the Settlement Agreement to the Claims Administrator.

11.    Within 30 days of the Effective Date, Energage shall forward to Class Counsel the Court approved attorneys' fees and expenses (Class Counsel Award) and the Court approved Service Award to the Claims Representative.

12.    Within 7 days of the Effective Date, Energage shall forward to the Claims Administrator the Administration Costs under the Settlement Agreement.

13.    Within 15 days of the Claims Administrator's receipt of funds from Defendant that are required to be provided to the Claims Administrator under the Settlement Agreement

the Claims Administrator shall disburse all payments to Class Members and Class Counsel in accordance with the Settlement Agreement.

14.    Consistent with the Settlement Agreement, if any Class Member fails to cash the Class Member's settlement check within 120 days from the date of mailing, the amount of such uncashed check shall revert to Defendant.

15.    The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of Class Members. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Class Members risked losing on the merits because their remaining claims turn on the resolution of the unsettled legal question of whether Energage's pay practice at issue violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Arizona Wage Act (AWA), ARS 23-350 *et seq.*, and/or Arizona common law. The claims and distribution processes are effective and fair. The settlement was negotiated at arms' length with the assistance of a third-party mediator. Class Counsel finds the settlement to be in the best interest of Class Members. No Class Members objected to the Settlement.    In addition, the Court finds that Plaintiff and Class Counsel adequately represented the Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the settlement. In making this determination, the Court has considered the criteria set forth in Federal Rule of Civil Procedure 23(e).

16.    The Parties, their counsel, and the Claims Administrator shall fulfill their obligations and duties under the Settlement Agreement.

17.    The Claims Administrator executed the notice process according to the terms of the Settlement Agreement. The notices apprised Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the class under the Settlement Agreement; of the res judicata effect on class members and of their opportunity to object to, comment on, or opt out of, the settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice process prescribed by the Settlement Agreement and approved by the Court was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all Class Members are bound by this Final Approval Order.

18.    The Court approves payment of attorneys' fees in the amount of $47,333.33 and reimbursement of litigation expenses to Class Counsel in the amount of $3,750.00. These amounts shall be paid from the Maximum Settlement Amount pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by Class Members.

19.    The Court approves a Service Award of $5,500 for Plaintiff Cordes, the class representative, and finds the amount to be reasonable in light of the services performed by the class representatives for the Class Members. This amount shall be paid from the Maximum Settlement Amount in accordance with the terms of the Settlement Agreement.

20.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Energage of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Energage in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this action,

21.     Cordes and Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged all Released Claims (as defined in the Settlement Agreement) against the Energage Releasees.  Cordes and Class Members who did not opt out of the Settlement are barred from prosecuting any Released Claims against the Energage Releasees.

22.     If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

23.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation, interpretation, and enforcement of the Settlement Agreement.

24.    The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order consistent with the Settlement be entered as final and appealable and the case DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

October 4, 2023

Date

/s/ **Cynthia M. Rufe**

Cynthia M. Rufe
United States District Judge